RATSHESKY et al. v. WHITING.

In re LESLIE & GRIFFITH CO.

(Circuit Court of Appeals, First Circuit. May 22, 1918.)

No. 1185.

BANKRUPTCY ⊜⟶318(4)—CLAIMS ALLOWABLE.

Where a bankrupt made a common-law assignment, which included its rights in a lease containing a condition against assignment, and the lessors accepted from the assignee rent for the month of the assignment, the lessors have no provable claim for damages for breach of the condition, the lessee having been adjudicated a bankrupt, for acceptance of

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rent from the assignee was waiver, if the assignee be deemed to have exercised his option and accepted the lease.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

In the matter of the Leslie & Griffith Company, bankrupt. The claim of A. C. Ratshesky and others, trustees, was disallowed by the referee, on the objection of Herbert A. Whiting, trustee in bankruptcy, and claimants appeal from a decree of the District Court (230 Fed. 465), affirming orders of the referee. Affirmed.

Stoneman, Gould & Stoneman, of Boston, Mass. (David Stoneman and Alexander I. Stoneman, both of Boston, Mass., of counsel), for appellants.

Isaac Harris, of Boston, Mass. (Clarence Tichell, of Boston, Mass., on the brief), for appellee.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is an appeal under section 25a of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]) from a decree of the District Court disallowing the claim of the petitioners. Questions raised by two other orders appealed from are waived by agreement of the parties, and the sole question is whether the decree of the District Court disallowing the claim was correct.

The essential facts are as follows: January 19, 1912, the petitioners, trustees of the Ratshesky Estate Trust, leased certain premises on Tremont street, Boston, to Alexander Leslie and James R. Griffith, copartners doing business under the name of Leslie & Griffith, for the term of 10 years, beginning January 1, 1914, at a certain stipulated rental per month for the first 5 years and a certain increased rental per month for the last 5. Among the covenants in the lease was the following:

"And the lessees further covenant that they, or those having their estate in the premises, will not assign this lease, nor underlet the whole or any part of the premises, without the written consent of the lessors."

It also contained the following provision:

"Provided, also, and these presents are upon the condition, that if the lessees shall neglect or fail to perform and observe any of the covenants contained in this instrument which on their part are to be performed, * * * or if any assignment or receivership, legal or voluntary, shall be made of their property, for the benefit of creditors, then and in any of said cases the lessors lawfully may, immediately or at any time thereafter, and without further notice or demand, enter into and upon the premises, or any part thereof in the name of the whole, and repossess the same as of their former estate, * * * and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant, and that thereupon this lease shall, if the lessors shall so elect, determine, cease, and be at an end."

November 14, 1912, the lessees, with the written consent of the lessors, assigned the lease to the Leslie & Griffith Company, a corporation,

which covenanted to pay the rent as it should become due according to the terms of the lease, and to perform all the covenants and stipulations contained therein. The assent of the lessors to the assignment was on the condition that no further assignment of the lease should be made by the Leslie & Griffith Company without the written consent of the lessors. January 24, 1915, the Leslie & Griffith Company executed a general assignment of all its property, real and personal, for the benefit of its creditors, to Herbert A. Whiting. January 26, 1915, an involuntary petition in bankruptcy was filed against the Leslie & Griffith Company. February 1, 1915, Herbert A. Whiting and R. H. D. Emerson were appointed receivers. March 3, 1915, the corporation was adjudged a bankrupt, and on March 16, 1915, said Whiting was appointed trustee. The Leslie & Griffith Company paid the rent during their occupancy in the month of January, 1915; that is, from January 1 to January 26, the date of the assignment for the benefit of creditors. The overdue rent that accrued prior to January 1, 1915, was proved and allowed against the estate. February 1, 1915, Whiting, the common-law assignee, paid the lessors the sum of $416.13, that being the balance of rent due under the lease for the month of January, to wit, from January 25 to February 1; a bill for the same having been rendered to him by the lessors. February 1, 1915, the receivers took possession of the leased property, and thereafter paid the rent down to March 13, 1915, when they vacated the premises. The premises were never occupied by the trustee.

The petitioners claim damages in the sum of $225,500 for breach of the covenant against assignment above set forth, and the breach relied on is the assignment for the benefit of creditors made by the Leslie & Griffith Company, January 25, 1915, prior to the filing of the involuntary petition in bankruptcy.

The respondent contends that the general assignment was not a breach of the lease, such as to entitle the petitioners to prove a claim in bankruptcy for damages, and that, if it was, the petitioners, with knowledge of the assignment, rendered a bill to the assignee for the balance of the rent accruing in the month of January after he took possession, and accepted payment of the same, thus waiving their right to insist upon the breach.

The petitioners contend that the common-law assignment was a breach of the covenant against assignment. If it was a breach of the covenant, it effected an assignment of the lease. But, when confronted with the proposition that the payment and receipt of the rent from the assignee accruing subsequent to the alleged breach was a waiver of the breach, they contend that the common-law assignment was not an assignment of the lease, unless the common-law assignee accepted the lease, and that there was no evidence that he ever accepted it; that a common-law assignee, like a trustee in bankruptcy, is entitled to a reasonable opportunity after taking possession of the property of the assignor to determine whether he will or not accept a lease included within the property assigned.

If an acceptance of the lease by the assignee was essential to constitute an assignment of it, and he never accepted it, it necessarily fol-

lows that there never was a breach of the covenant against assignment, and, if it was accepted by the assignee, so that there was a breach of the covenant, we think the breach was waived by the unqualified demand and receipt of rent from the assignee that accrued thereafter. This conclusion renders it unnecessary to consider the other questions argued, as it disposes of the case.

The decree of the District Court is affirmed, with costs to the appellee.