———

### In re VAIL.

(District Court, D. Massachusetts. November 13, 1922.)

No. 30482.

1. Bankruptcy ⬅️255—Receipt of rent from receiver for short time not waiver by lessor of right to forfeit lease.

Where it is the rule in a district that a receiver in bankruptcy, taking over a business conducted on leased premises, may continue to occupy for a reasonable time, receipt of rent for such time by the lessor is not a waiver of his rights under the conditions of the lease.

2. Landlord and tenant ⬅️112(2)—Lessee cannot waive rights of lessor through sublease.

Where a lease contained a provision against subletting without lessor's consent, and for forfeiture in case of bankruptcy of lessee, and lessee, with lessor's consent, sublet a portion of the premises to bankrupt, lessee, by accepting rent from bankrupt's receiver, could not waive right of forfeiture by his lessor.

In Bankruptcy.

In the matter of George A. Vail, bankrupt. On question of right of receiver to retain and sell leasehold. Decision against receiver.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert E. Harding, of Boston, Mass., for receiver.
Harold P. Williams, of Boston, Mass., for McInerny.

MORTON, District Judge. The facts are as found by the master. Cushing leased to McInerny two stores, of which that here in question was one, and McInerny, with the consent of Cushing, sublet to the bankrupt by a lease which incorporated certain provisions of the Cushing lease. By that lease, assignment was forbidden, except with the consent of the lessor, assent by the lessor to any breach of covenant was not to be taken as a waiver of succeeding breaches of covenant, and the lease was made subject to forfeiture if proceedings in bankruptcy are commenced against the lessee. For two months succeeding the appointment of the receiver McInerny accepted rent from him. Then he refused to do so, and arranged a lease of the premises to a third party; Cushing agreeing to assent to McInerny's sublease.

The receiver desires to sell the business as a going business and to sell the leasehold with it. There is no question but what the assets will fetch much more if so sold. The receiver contends that the acceptance of rent by McInerny was a waiver of the clause against assignment, and of the clause providing a forfeiture in case bankruptcy proceedings were instituted, and that the bankrupt estate thereby became vested with the leasehold, and now has the right to assign it. It is not contended that the receiver ever adopted the lease and became bound by it; the contention is that the receiver has the right to assign the lease, if he can make an advantageous sale by including the leasehold as an asset, but that otherwise he is free to let go of it.

[1] It is the law in this district that a receiver in bankruptcy, taking over a business conducted on leased premises, may continue to occupy for a reasonable time. In this instance I have no doubt that the receiver did so in the usual way, in order to give himself a chance to turn around, and that the rent was received on that understanding as payment for use and occupancy. The acceptance of the rent was not, therefore, a waiver of the lessor's rights. The case seems to me different in this respect from Ratshesky v. Whiting, 251 Fed. 268, 163 C. C. A. 424, where the common-law assignee had no right to continued occupancy, except such as he derived from the assent of the lessor, and it was held that acceptance of the rent waived any claim by the lessor that the lease had been terminated by the common-law assignment.

[2] But, even if the position of the receiver be sustained upon the points referred to, it would still be true that McInerny had no right to transfer his leasehold without the assent of Cushing, and that if he does so Cushing has the right to enter and terminate McInerny's estate. McInerny's assent, without Cushing's, would not suffice to vest any estate in his assignee. There is no suggestion that Cushing has ever assented to any transfer of the estate from McInerny to Vail's receiver in bankruptcy, or has waived any of his rights.

The receiver has had a reasonable time in which to turn around, and must vacate as soon as a sale of the personal property can be effected.